IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TERESA C. FRARY,<br><br>Plaintiff, | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS |
| vs. | |
| PENTALON MANAGEMENT, TODD WHITE, TRICIA COVINGTON,<br><br>Defendants. | Case No. 2:13-CV-242 TS |

The Court has before it Defendant Pentalon Management's ("Pentalon") Motion to Quash

Service, and Plaintiff Teresa C. Frary's Motion for Extension of Time.  Plaintiff has also filed a

separate request that Defendants provide her with copies of certain filings, which she states she

has not received.  Plaintiff is proceeding in this case pro se.  For the reasons stated below, the

Court will grant the Motion to Quash, grant in part and deny in part Plaintiff's Motion for

Extension of time, and will deny Plaintiff's request for filings.

1

I.  MOTION TO QUASH

Defendant Pentalon moves to quash service upon it because personal service was not

effectuated pursuant to Rule 4(h) of the Federal Rules of Civil Procedure.  Rule 4(h) provides

that if the defendant is a corporation, partnership, or association, it must be served either

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a
> managing or general agent, or any other agent authorized by appointment or by
> law to receive service of process and—if the agent is one authorized by statute and
> the statute so requires—by also mailing a copy of each to the defendant . . . .

Rule 4(e)(1) states that service upon an individual within a judicial district of the United States

may be effected by

> (1) following state law for serving a summons in an action brought in courts of
> general jurisdiction in the state where the district court is located or where service
> is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the
> individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of
> abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by
> law to receive service of process.

In this case, Plaintiff served her Summons and Complaint upon Kirk A. Cullimore at his

business address.  As Plaintiff points out, Cullimore represents Defendants in this case.  He is

not, however, "an officer, a managing or general agent, or any other agent authorized by

appointment or by law."[1]  He also is not an individual covered by Rule 4(e)(1).  As a result,

---

[1]Fed. R. Civ. P. 4(h); *see* Docket No. 14-1, at 1 (stating that Pentalon Corporation's
registered agent is Keith Neilson).

service of Plaintiff's Complaint upon him does not satisfy the requirements of effective service

under Rule 4.  Pentalon's Motion to Quash Service will therefore be granted.

Because Plaintiff's defective service is curable, the Court will allow Plaintiff an

opportunity to re-serve Pentalon.[2]  Pentalon has raised no arguments that improper service

resulted in any prejudice or significant inconvenience to its defense of the claims made against

them.  Therefore, in order to promote efficiency, the Court will direct the United States Marshal

Service to serve a properly issued summons and a copy of Plaintiff's Complaint (including the

addendum to the Complaint filed as Docket No. 6) upon Pentalon's registered agent, Keith

Neilson, at the address provided by Defendants in their Motion to Quash and reproduced below.

## II.  MOTION FOR EXTENSION OF TIME

On May 31, 2013, Defendants Tricia Covington and Todd White filed a motion to

dismiss for lack of jurisdiction.  On June 5, 2013, Plaintiff filed with the Court a document titled

"Plaintiff[' s] Rebuttal to Motions to Dismiss and Quash Submitted May 31, 2013."[3]  This

document does not provide a substantive response to the motion to dismiss, but rather describes

Plaintiff's general confusion as to the state of her case and requests that Plaintiff be given

additional time to respond to Defendants' arguments.  In her filing of July 10, 2013, Plaintiff

again requests additional time "to frame each of Plaintiff's allegations in terms of specific federal

---

[2]*Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("[W]hen a court finds that
service is insufficient but curable, it generally should quash the service and give the plaintiff an
opportunity to re-serve the defendant.").

[3]Docket No. 18, at 1.

law references" and "to revise naming of defendants . . . ."[4]  The July 10, 2013 filing seeks an extension until November 15, 2013.

The Court will construe Plaintiff's July 10, 2013 filing as a motion for extension of time to respond to Covington and White's motion to dismiss.  The Court finds that there is good cause to grant the extension in part.  Specifically, although Plaintiff will not be given until November 15, 2013, to respond to the motion, she will be given twenty-eight days from the date of this Order to respond.  Defendants Covington and White will thereafter have an additional fourteen days to submit a reply memorandum in support of their motion.

### III.  REQUEST FOR CASE MATERIALS

In her filing of July 9, 2013, Plaintiff requests that Defendants provide her with a copy of (1) Exhibit A to Pentalon's Motion to Quash Service, (2) Defendant Tricia Covington and Todd White's reply brief in support of their motion to dismiss, and (3) Pentalon's reply memorandum in support of Pentalon's Motion to Quash Service.  Plaintiff states that she has not received any of these documents.

Rule 5 of the Federal Rules of Civil Procedure requires that written motions "must be served on every party . . . ."[5]  Pursuant to Rule 5, "[a] paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing."[6]  Because Plaintiff is not a registered electronic filer ("e-filer"), Defendants were

---

[4]Docket No. 18, at 1, 2.

[5]Fed. R. Civ. P. 5(a)(1).

[6]Fed. R. Civ. P. 5(b)(2)(C).

required to include certificates of service together with their filings.[7]  The Court has examined

the certificates attached to Defendants' filings and confirmed that the addresses contained therein

match the address provided by Plaintiff in her filings.  The Court therefore finds that it is

unnecessary to direct Defendants to furnish Plaintiff with an additional copy of the requested

filings.  Nevertheless, the Clerk of the Court is directed to mail a copy of the requested filings to

Plaintiff.

The Court would also note that the outcome of the Motions before the Court would be the

same regardless of whether Plaintiff received the requested filings.  Exhibit A, which Plaintiff

requests, is a printout of a Utah Business Search for Pentalon.  It includes the name and address

of Pentalon's registered agent, Keith Neilson, referenced above.  As Plaintiff's Complaint will

now be served on Neilson, this information has not prejudiced Plaintiff.

Plaintiff also requests a copy of Pentalon's reply memoranda to the Motion to Quash.  As

Defendants did not raise new arguments in their reply, Plaintiff is not permitted to respond to that

reply.[8]  Therefore, her alleged non-receipt of the reply has not affected the Court's analysis.

---

[7]Fed. R. Civ. P. 5(d)(1) (requiring papers to be filed "together with a certificate of service); District of Utah CM/ECF and E-filing Administrative Procedures Manual, § II H(4) (2013), *available at* http://www.utd.uscourts.gov/documents/utahadminproc.pdf (providing exception to certificate of service requirement only when *all* parties are e-filers); *see also* DUCivR 5-1(a) (providing papers may be filed, signed, and verified by electronic means consistent with the administrative procedures adopted by the court).

[8]*See Crane v. Mem'l Hosp.*, 2009 WL 742567, at *4 (D. Utah March 20, 2009) ("[S]urreplies are permitted only in rare cases where a movant improperly raises new arguments in a reply.").

Finally, Plaintiff requests a copy of Defendant Tricia Covington and Todd White's reply brief in support of their motion to dismiss.  Because the Court will grant Plaintiff's Motion for Extension of Time to file a response to the motion to dismiss, Plaintiff will have an opportunity to respond to the motion to dismiss, including any arguments raised in the reply memorandum. The Court notes, however, that after Plaintiff provides her response to the motion to dismiss, Defendants will, as stated above, have an opportunity to submit a further memorandum in support of their motion.

## IV.  CONCLUSION

Based on the above, it is hereby

ORDERED that Pentalon's Motion to Quash Service (Docket No. 14) is GRANTED. The United States Marshal Service is directed to serve a properly issued summons and a copy of Plaintiff's Complaint (including the addendum to the Complaint filed as Docket No. 6) upon Keith Neilson at his address of 488 E 6400 S # 140, Murray, UT 84107.  It is further

ORDERED that Plaintiff's Motion for Extension of Time (Docket No. 18) is GRANTED IN PART AND DENIED IN PART.  Plaintiff shall have twenty-eight (28) days from the date of this Order to respond to Covington and White's motion to dismiss.  Covington and White shall have an additional fourteen (14) days thereafter to submit a reply memorandum.  It is further

ORDERED that Plaintiff's Request for Filings (Docket No. 19) is DENIED. Nevertheless, the Clerk of the Court is directed to mail Plaintiff copies of the filings docketed as Docket Nos. 14, 16, and 17.

DATED   August 22, 2013.

BY THE COURT:

_____

TED STEWART
United States District Judge